UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JADA REID,

      Plaintiff,

 vs.

                                Case No.

CITY OF INDIANAPOLIS,

      Defendant.

## COMPLAINT FOR DAMAGES

Plaintiff JADA REID, by and through counsel, and for her cause of action against Defendant CITY OF INDIANAPOLIS, alleges and states as follows:

## I.    PARTIES

1.    Plaintiff JADA REID is a citizen of Indianapolis, Indiana, and a former employee of Defendant CITY OF INDIANAPOLIS, and one of its agencies Department of Public Works, for purposes of Title VII.

2.    Defendant CITY OF INDIANAPOLIS is municipal corporation with a principal office in the City of Indianapolis, County of Marion, State of Indiana, and one of its agencies is Department of Public Works, therefore, an "employer" as defined in Title VII of the Civil Rights Act of 1964.

## II.    JURISDICTION AND VENUE

3.    This action involves employment discrimination, sexual harassment, hostile work environment, and retaliation based on gender.

4. This Court has original jurisdiction over the subject matter of this action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, and 28 U.S.C. §§1331 and 1343(a)(4).

5. This Court has original jurisdiction over the subject of this action pursuant to Title VII of the Civil Rights Act of 1964.

6. That venue lies in the United States District Court, Southern District of Indiana pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District, Defendant maintains its facilities and buildings operations in this district, and Defendant hired REID and committed the discriminatory acts in this district.

## III.  FACTUAL ALLEGATIONS

7. Defendant CITY OF INDIANAPOLIS employed Plaintiff JADA REID as a maintenance operation technician, starting in March 2023.

8. While working at CITY OF INDIANAPOLIS, REID'S male supervisor and counterparts repeatedly made sexual advances and sexual comments to and about her based on her gender as a woman. For example:

  a. Supervisor and her Crew Lead would make sexual advances and flirtatious comments towards REID.

  b. Her male co-worker asked to have sex with REID and stated that he would "pay for it."

  c. Supervisor told her that "You have to have a pretty mouth to be promoted."

d.      Supervisor would isolate REID from others in the workplace when she did not return to his sexual advances.

e.      Supervisor restricted REID from working heavy machinery dispute being qualified, because she had "girl strength" and not the "strength of man."

f.      REID's coworkers sexual harassed her by touching her body and making repeated requests for sexual intercourse.

9.      REID repeatedly made complaints about the sexual harassment she was experiencing to the Supervisor.

10.     REID was punished by her Supervisor for complaining of sexual harassment and gender discrimination. For example, she was excluded from her duties as a maintenance technician.

11.     On May 17, 2024, REID was terminated for rejecting her Supervisor's sexual advances.

12.     REID's Supervisor stated that her termination was because she rejected him romantically and complained of sexual harassment and being treated differently because she is a woman.

13.     REID filed a complaint with the Equal Employment Opportunity Commission (hereafter "EEOC") claiming gender discrimination, sexual harassment, and retaliation.

14.     The EEOC issued REID the right to sue CITY OF INDIANAPOLIS, on February 27, 2026. (Attached).

15.    This suit follows.

## IV.    CLAIMS

### COUNT I - Gender Discrimination

16.    Plaintiff adopts and realleges all the foregoing paragraphs, as stated above, and furthermore states and alleges as follows:

17.    REID is a member of a protected class as a woman.

18.    REID performed her job as a maintenance operation technician to the CITY OF INDIANAPOLIS'S expectations. She had never been written up or disciplined, and there were no complaints about her actual performance.

19.    REID suffered the following materially adverse employment actions by CITY OF INDIANAPOLIS because of her gender:

   a.  Involuntary reassignment to role with different responsibilities;

   b.  Subjecting her to verbal and physical harassment of a sexual nature;

   c.  Gender-based stereotyping to limit her opportunities;

   d.  Exclusion from projects and normal job duties;

   e.  Disparate discipline;

   f.  Termination.

20.    CITY OF INDIANAPOLIS would not have taken these adverse employment actions against REID had she not been a woman but everything else had been the same.

4

21.    One or more similarly situated individuals outside REID'S protected class received better treatment by CITY OF INDIANAPOLIS supervisors because of their gender as a man.

22.    CITY OF INDIANAPOLIS did not restrict job duties, subject others to sexual harassment or terminate lesser qualified individuals who were males.

23.    CITY OF INDIANAPOLIS was motivated by discriminatory animus in subjecting her to ongoing sexual harassment and terminating REID.

24.    CITY OF INDIANAPOLIS violated Title VII and REID was damaged as a result.

25.    REID exhausted her administrative remedies and the EEOC gave her the right to sue on February 27, 2026.

**COUNT II - Hostile or Abusive Work Environment**

26.    REID adopts and realleges all of the foregoing paragraphs, as stated above, and furthermore states and alleges as follows:

27.    CITY OF INDIANAPOLIS regularly subjected REID to unwelcome harassment in both volume and substance by Defendant because she is a woman, and it was sufficiently severe or pervasive that a reasonable person in REID's position would find REID's work environment to be hostile or abusive.

28.    On a daily basis, REID was subjected to intimidation, sexual harassment, sexual comments, sexual touches, sexual advances, and insults based on her sex as a woman.

29.    Defendant's sexual harassment and discriminatory conduct against REID was severe and constant during her normal working hours.

30.    Defendant's sexual harassment and discriminatory conduct against REID was both physically threatening and emotionally humiliating to her.

31.    Defendant's sexual harassment and discriminatory conduct had the effect of unreasonably interfering with REID's work performance by creating an intimidating, hostile, or offensive work environment.

32.    REID was victimized by a supervisor with authority over her.

33.    At the time the conduct occurred, REID believed that the conduct made her work environment hostile or abusive.

34.    That after reporting unwelcome, severe and pervasive discrimination and sexual harassment, REID suffered more adverse employment actions by CITY OF INDIANAPOLIS.

35.    CITY OF INDIANAPOLIS knew or should have known their conduct made REID'S work environment hostile and abusive, but failed to take reasonable steps to correct the situation or prevent said abuse and harassment from recurring.

36.    CITY OF INDIANAPOLIS violated Title VII and REID was damaged as a result.

37.    REID exhausted her administrative remedies and the EEOC gave her the right to sue on February 27, 2026.

6

## COUNT III - Retaliation

38.     REID adopts and realleges all of the foregoing paragraphs, as stated above, and furthermore states and alleges as follows:.

39.     REID engaged in statutorily protected activity by making multiple complaints of discrimination and sexual harassment by co-workers to the Supervisor.

40.     That after reporting the unwelcome, severe and pervasive sexual harassment, REID suffered adverse employment actions by CITY OF INDIANAPOLIS.

41.     REID was subjected to the following materially adverse employment actions because she had complained about gender discrimination and sexual harassment:

    a.  Involuntary reassignment to role with different responsibilities;

    b.  Subjecting her to verbal and physical harassment of a sexual nature;

    c.  Gender-based stereotyping to limit her opportunities;

    d.  Exclusion from projects and normal job duties;

    e.  Disparate discipline;

    f.  Termination.

42.     CITY OF INDIANAPOLIS would not have taken these adverse employment actions against REID if she had not engaged in the protected activity of complaining of gender discrimination and sexual harassment, but everything else had been the same.

43.    CITY OF INDIANAPOLIS was aware of REID's complaints of sexual harassment, and ultimately terminated her in retaliation for making such complaints, in violation of Title VII.

44.    CITY OF INDIANAPOLIS violated Title VII and REID was damaged as a result.

45.    REID exhausted her administrative remedies and the EEOC gave her the right to sue on February 27, 2026.

## V.    JURY DEMAND

46.    Plaintiff JADA REID demands a trial by jury in this action of all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff JADA REID prays for judgment in her favor and all available damages commensurate with this action against Defendant CITY OF INDIANAPOLIS including backpay with interest, front pay, compensatory damages, punitive damages, the costs of this action including reasonable attorney's fees, and all other relief the Court deems just, proper, or equitable.

Respectfully submitted,

/s/Faith E. Alvarez
Faith E. Alvarez, No. 32497-49
Alexis Sizemore, No. 36964-49
Alvarez Legal, LLC
4441 N Franklin Road
Indianapolis, Indiana 46226
Phone: 317-943-3116
faith@faithalvarez.com
alexis@faithalvarez.com
*Counsels for Plaintiff*

8